FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 25, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORMAN S., <br>   Plaintiff, <br> v. <br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br>   Defendant. | No. 2:22-CV-00239-SAB <br><br> **ORDER AFFIRMING DECISION OF COMMISSIONER** |

  Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for social security benefits. Plaintiff is represented by Chad L. Hatfield. The Commissioner is represented by Franco Becia, Frederick Fripps, and Brian M. Donovan. Pending before the Court are Plaintiff's Opening Brief, ECF No. 18, the Commissioner's Brief, ECF No. 20, and Plaintiff's Reply Brief, ECF No. 21.

  After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court affirms the Commissioner's decision.

**I. Jurisdiction**

  On May 24, 2018, Plaintiff filed an application for Title II disability insurance benefits and application for Supplements Security Income, with the onset

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 1**

date of March 2, 2017. Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ. On January 24, 2021, a hearing was held by telephone. Plaintiff participated and was represented by Chad Hatfield. On July 14, 2021, the ALJ issued its decision finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and the Appeals Council denied the request on August 15, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3). Plaintiff filed a timely appeal on October 19, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.  Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 2**

activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 3**

economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir.

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 4**

2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV.  Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

At the time of the hearing, Plaintiff was 58 years old. He was living with his wife, who was on disability for mental health issues. He owns a tow truck business, which he has been working with his daughter and son-in-law to take over. Plaintiff continues to help at the business, filling out paperwork, ordering supplies, answering the phone, interacting with customers, and occasionally driving a tow truck.

He earned a B.A. in Business Administration and has training in criminal justice. He is obese and suffers from diabetes. He complains of lower back, shoulder, and neck pain, as well as depression and PTSD.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 23-36. The ALJ found overcame the presumptions addressed in *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), due to changed circumstances. AR 24.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 2, 2017, the alleged onset date. AR 26.

At step two, the ALJ identified the following severe impairments: cervical spondylosis/degenerative disc disease and radicular symptoms; chronic left shoulder pain greater on the right; bilateral carpal and cubital tunnel syndrome; type 2 diabetes mellitus; hypertension; and obesity. AR 27.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 30.

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 5**

The ALJ concluded that Plaintiff has an RFC to perform:

> medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with certain exceptions. Specifically, climbing, balancing, stooping, kneeling, crouching, and crawling must be limited to occasionally while overhead reaching and handling with the bilateral upper extremities must be limited to frequently.

AR 31.

At step four, the ALJ found that Plaintiff was capable of performing past relevant work of a composite job consisting of being a tow truck driver, automobile mechanic and general office clerk. AR 35.

Consequently, the ALJ found that Plaintiff was not disabled.

## VI. Discussion

### A. Step Two Analysis

Plaintiff asserts the ALJ erred in the Step Two analysis by failing to find that his mental impairments were not severe. Specifically, the ALJ concluded that Plaintiff's major depressive disorder and PTSD did not cause more than minimal limitation in Plaintiff's residual function ability to perform basic mental work activities.

The ALJ reviewed the record and concluded that Plaintiff possessed no more than mild mental limitations. Based on this review, it was reasonable that the ALJ found that his mental health symptoms do not limit Plaintiff's ability to perform basic work activities beyond the residual functional capacity addressed in its decision. There is little evidence in the record beyond his own testimony and a few incidents in the record to support that he is unable to work because of his mental conditions. Instead, the record demonstrates that Plaintiff answers phones, interacts with customers, spends time at the restaurant near his house and goes out on calls with the tow trucks, all of which indicate that Plaintiff's mental impairments do not limit his ability to perform basic work activities. As such, the ALJ's step two analysis is supported by substantial evidence.

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 6**

### B. Evaluation of Plaintiff's Subjective Complaints

Plaintiff argues the ALJ erred in discounting his subjective symptoms testimony.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison*, 759 F.3d at 1014. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id.* (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Here, the ALJ reasonably evaluated Plaintiff's subjective symptom testimony. The ALJ provided clear and convincing reasons for finding that Plaintiff's testimony regarding his limitations was not entirely credible. The ALJ noted that Plaintiff's complaints were inconsistent with the medical evidence. The ALJ also noted that Plaintiff's activities were not consistent with his testimony that he could not work. Most important, even with the symptoms that Plaintiff experienced, he was able to work for his tow truck business, including answering phones, ordering supplies, completing paperwork and occasionally driving tow trucks. He also worked on cars in his spare time and worked out at the gym. These activities cast significant doubt over his claims that he is unable to work due to his impairments. Substantial evidence supports the ALJ's evaluation of Plaintiff's

**ORDER AFFIRMING DECISION OF COMMISSIONER** ~ 7

symptom testimony.

### C. Evaluation of the Medical Opinion Evidence

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a), (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* § 416.920c(c)(1)–(5). Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. *Id.* § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.*
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* §§ 404.1520c(c); 416.920c(c).

Plaintiff argues the ALJ erred in rejecting Dr. Fitterer's opinion what limited Plaintiff to less than a full range of light work.

The ALJ found that Dr. Platter's opinion, limiting Plaintiff to less than a full

**ORDER AFFIRMING DECISION OF COMMISSIONER ~ 8**

range of medium work, to be more persuasive, relying on the record that indicated Plaintiff continued to work in his tow truck business, occasionally drive a tow truck, service his car, and exercise at the gym.

The ALJ's evaluation of Dr. Fitterer's and Dr. Platter's opinion is supported by substantial evidence. Dr. Platter's opinion is more supported and more consistent with the record and therefore, the ALJ is entitled to find it is more persuasive.

### D. Lay Witness Testimony

The ALJ did not address Plaintiff's wife's testimony. However, the ALJ is not required to do so. Plaintiff's wife did not provide any additional evidence that was not considered as part of Plaintiff's own testimony. Given that it was reasonable to view Plaintiff's symptom testimony as unreliable, it was not necessary for the ALJ to address the wife's testimony.

### E. Step Four Findings

The ALJ's Step Four Findings are supported by substantial evidence. Based on the hypothetical given to the vocational expert, it is clear that Plaintiff could perform past work as a general office clerk, and in fact, is performing work as an office clerk. Also, it is clear from the record that Plaintiff is capable of performing less than a full range of medium work, so the ALJ's conclusion that he is able to perform the other components of the composite job of tow truck driver and automobile mechanic is also supported by substantial evidence in the record.

### VII. Conclusion

The ALJ's decision is supported by substantial evidence the decision is free of harmful error. As such, the Court affirms the Commissioner's decision.

Accordingly, **IT IS HEREBY ORDERED:**

1. For docket purposes, Plaintiff's Opening Brief, ECF No. 18, and Reply Brief, ECF No. 21, are **DENIED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 20,

**ORDER AFFIRMING DECISION OF COMMISSIONER** ~ 9

is **GRANTED**.

    3.    The decision of the Commissioner is **AFFIRMED**.

    4.    Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 25th day of July 2023.



                    Stanley A. Bastian
            Chief United States District Judge